977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert ECKART, Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, Defendant-Appellee.
 No. 91-55768.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1992.
Decided Sept. 30, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Eckart ("Eckart") sued his former employer Mobil Oil Corporation in state court for wrongful discharge. Mobil removed the action on the basis of diversity, and the federal district court granted its motion for summary judgment. Eckart timely appealed under 28 U.S.C. § 1291. We affirm the judgment on the ground that Mobil had good cause to terminate Eckart.
 
 
 3
 I. Facts.
 
 
 4
 The important facts in this case are undisputed. Eckart was a mechanic for Mobil. While employed by Mobil, Eckart opened "Bob's Mobile Service", an independent business which performed repairs on trucks under contract to carry Mobil products. In 1985, Mobil began making its own repairs on the trucks under contract to carry its products. Also in 1985, and again in 1986, Eckart read and signed a "conflict of interest" policy which essentially provided that Mobil employees would not be permitted to compete with enterprises run by Mobil. Before signing the policy, however, Eckart sought and received oral assurances from his immediate supervisors that continued operation of his truck repair business did not constitute a conflict of interest.
 
 
 5
 On August 20, 1989, Eric Paul, the manager of Mobil's Vernon truck repair facility, notified Eckart that "Bob's Mobile Service" was competing with Mobil, and warned him that he would be terminated if he continued to repair trucks under contract with Mobil. In response to a formal inquiry from Paul, Mobil's Conflict of Interest Committee determined that Eckart's operation of Bob's Mobil Service in fact constituted a conflict of interest with his job as lead mechanic at Mobil. Eckart was given the opportunity to comply with the policy but refused to stop repairing trucks under contract to Mobil. He was then terminated for violation of the company conflict-of-interest policy.
 
 
 6
 II. Discussion.
 
 
 7
 California Labor Code § 2922 establishes a presumption of at-will employment absent an express oral or written agreement indicating the length of employment and the appropriate grounds for termination. Eckart argues on appeal that his employment relationship with Mobil, though not governed by any explicit contract, was governed by an implied-in-fact contract which only allowed him to be terminated for good cause. Because we find that Eckart's violation of Mobil's conflict-of-interest policy constituted good cause for Eckart's termination, we need not decide whether such an implied-in-fact contract existed.
 
 
 8
 We hold that Mobil had good cause to terminate Eckart because it terminated him pursuant to a conflict of interest policy that prohibited precisely the type of activity that Eckart was engaged in. The district court concluded, and we agree, that there was some duplication of services between the two truck repair facilities. This duplication of services constituted a violation of Mobil's conflict of interest policy, which clearly prohibited Mobil employees from competing with enterprises run by Mobil. Moreover, we note that Mobil's conflict of interest policy prohibited employees from engaging in activities that created an appearance of a conflict, as well as an actual conflict. Eckart's truck repair business certainly created such an appearance.[1]
 
 
 9
 Assuming, then, that Eckart could not be discharged except for good cause, we hold that good cause for Eckart's discharge existed as a matter of law because there is no genuine dispute as to his violation of Mobil's conflict of interest policy. Termination for violation of a term of employment is termination for good cause. See Wilkerson v. Wells Fargo Bank, 212 Cal.App.3d 1217, 1230 (1989). The grant of summary judgment in favor of defendant Mobil Oil is therefore
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not understand Eckart to raise the argument that Mobil should be estopped from relying on its conflict of interest policy because of its initial representations that the operation of "Bob's Mobile Service" did not violate the policy. Even had it been raised, we think the estoppel argument would fail. Although Eckart received several early assurances that his repair business did not constitute a conflict, Mobil did not promise that it would not enter into the repair business in the future. Thus, we do not think that Eckart could reasonably construe Mobil's early representations that no conflict existed as an assurance that no conflict would ever arise